IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00882-PAB-STV

MICHAEL W. DINNEN, an individual,
JAKS HOLDINGS, LLC, a Colorado LLC, and
DAVID ADKINS, an individual,

    Plaintiffs,

v.

TIMOTHY KNEEN, an individual,
MICHAEL ROBERTS, an individual,
TIMOTHY FLAHERTY, an individual,
CARL VERTUCA, an individual, and
PdC, LLC, a Colorado LLC,

    Defendants.

---

## MINUTE ORDER

**Entered by Judge Philip A. Brimmer**

    This matter is before the Court on the Notice of Voluntary Dismissal Without Prejudice of Plaintiffs JAKS Holdings, LLC and David Adkins [Docket No. 76]. The notice states that, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), JAKS Holdings, LLC and David Adkins voluntarily dismiss their claims in this action. *Id.*

    Rule 41(a)(1)(A)(i) states that "the plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). No defendant has answered in this case or filed a motion for summary judgment.[1] While the language of Rule 41 does not contemplate the dismissal of some, but not all, plaintiffs, the weight of authority suggests that a constrictive reading of Rule 41(a) is undesirable in light of the numerous procedural methods for dismissal of parties. *See Van Leeuwen v. Bank of*

---

[1] Defendants' motion to dismiss is pending in this matter. Docket No. 59. However, a pending motion to dismiss under Rule 12 does not terminate the right of voluntary dismissal. *See* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2363 n.21 (3d ed). Similarly, defendants' motion to compel arbitration, Docket No. 16, did not constitute an answer or motion for summary judgment. *Hamilton v. Shearson-Lehman Am. Exp., Inc.*, 813 F.2d 1532, 1535 (9th Cir. 1987).

*Am., N.A.*, 304 F.R.D. 691, 697 (D. Utah 2015) (applying "the majority rule" to dismiss one of several defendants from a case); *see also* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2362 (3d ed) ("The power to drop some plaintiffs or some defendants from the suit plainly exists, either in the Civil Rules or in the inherent power of the district court.  Nevertheless it seems undesirable and unnecessary to invoke inherent power to avoid an artificial limit of Rule 41(a) that is reached only by an overly literal reading of that rule.").

Accordingly, plaintiffs JAKS Holdings, LLC and David Adkins were dismissed without prejudice as of the entry of the notice of dismissal.  No Court order is necessary.

DATED May 26, 2017.