**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-CV-00882-PAB-STV

MICHAEL W. DINNEN, an individual,

      Plaintiffs,

vs.

TIMOTHY KNEEN, an individual,
MICHAEL ROBERTS, an individual,
TIMOTHY FLAHERTY, an individual,
CARL VERTUCA, an individual, and
PdC, LLC, a Colorado LLC,

      Defendants.

---

### DEFENDANTS' MOTION FOR AWARD OF ATTORNEYS' FEES

---

Defendants Timothy Flaherty, Timothy Kneen, Carl Vertuca and PdC LLC (collectively, "Defedants") file this motion respectfully requesting that this Court enter an order pursuant to C.R.S. § 13-17-201, Fed. R. Civ. P. 54, and D.C.COLO.LCivR 54.3 against Plaintiff Michael Dinnen awarding Defendants' reasonable attorneys' fees incurred in the defense of this tort case, which was dismissed under Fed. R. Civ. P. 12.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Matthew Spohn, counsel for Defendants, attempted to confer with counsel for Plaintiff, Amber Munck, concerning this Motion via multiple emails and voicemails on October 3 and October 4, 2017. Though Ms. Munck responded once on October 3, 2017 with an email seeking

potential times to talk, which was answered the same day, she did not respond to follow-up emails and calls.

## INTRODUCTION

Because the Court dismissed this tort suit pursuant to Fed. R. Civ. P. 12, Defendants are entitled to an award of all of their attorneys' fees incurred in defending this suit, pursuant to C.R.S. § 13-17-201.

This lawsuit, filed in April 2016, stems from Plaintiff's allegations that Defendants made false and misleading statements in connection with a real estate project in Mexico. Plaintiff asserted causes of action against Defendants for (1) fraud, (2) negligent misrepresentation, (3) negligence, (4) misrepresentations and omissions in violation of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78a et seq., (5) control person liability under the Exchange Act; (6) unjust enrichment, (7) civil conspiracy, and (8) accounting. Docket No. 1 (Complaint). Defendants moved to dismiss that suit, Docket No. 17, and also moved to compel arbitration of Plaintiff's claims or force Plaintiff to disavow reliance upon unsigned agreements (containing arbitration provision) potentially related to the transactions at issue. Docket No. 16. After those motions were fully briefed, Plaintiff amended his complaint, Docket No. 55, and Defendants filed a new motion to dismiss Plaintiff's amended claims pursuant to Rule 12(b)(1) and 12(b)(5) of the Federal Rules of Civil Procedure. Docket No. 59.

In the meantime, the Court denied Plaintiff's motion to compel arbitration based on Plaintiff's disavowed reliance on unsigned document containing arbitration provisions. Plaintiff then moved to lift the stay of the case, which the Court granted over Defendants' objections; as a result, the parties submitted a proposed scheduling order, a scheduling conference was held, the parties served initial disclosures, and Plaintiff initiated discovery.

On September 19, 2017, this Court granted Defendants' Motion to Dismiss. Docket No. 84. As set forth in its Order, the Court dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure Plaintiff's claim for misrepresentations and omissions in violation of the Exchange Act (Claim Four) and Plaintiff's claim for control person liability under the Exchange Act (Claim Five). The Court declined to exercise jurisdiction over the remainder of Plaintiff's state-law claims and dismissed them accordingly. Judgment was entered on September 20, 2017. Docket No. 85.

Because Plaintiff's claims, which are tort claims in nature, were dismissed pursuant to a Rule 12 motion, Defendants are entitled under C.R.S. §13-17-201 to an award of their reasonable attorneys' fees incurred in defending this lawsuit, totaling $42,204.

## ARGUMENT

C.R.S. § 13-17-201 provides:

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under Rule 12(b) of the Colorado Rules of Civil Procedure, such defendant *shall* have judgment for his reasonable attorney fees in defending the action.

(emphasis added). The amount of the award shall include all fees incurred in defending the action, not just the fees incurred in drafting a motion to dismiss. *Dubray v. Intertribal Bison Co-op.*, 192 P.3d 604, 607 (Colo. App. 2008) (holding the prevailing party was entitled to all attorney fees in defending the action, per the plain language of C.R.S. § 13-17-201).

C.R.S. § 13-17-201 applies here, because Plaintiff's case is primarily a tort action. Plaintiff's claims under the Exchange Act, and its supplemental state-law claims, involve allegations of fraud and misrepresentations, which clearly sound in tort. *Hamon Contractors, Inc. v. Carter & Burgess, Inc.*, 229 P.3d 282, 291 (Colo. App. 2009) (fraud is a tort claim); s*ee,*

*e.g., Advanced Career Techs., Inc. v. John Does 1-10*, 100 F. Supp.3d 1105, 1109-10 (D. Colo. 2015) (claims under Lanham Act sound in tort); *Grynberg v. Ivanhoe Energy, Inc.,* Civil Action No. 09-cv-02528-WDM-BNB, 2011 WL 3294351 *3 (D. Colo. Aug. 1, 2011) (RICO claims sound in tort); *US Fax Law Ctr., Inc. v. Henry Shein, Inc.,* 205 P.3d 512, 517-518 (Colo. App. 2009) (Telephone Consumer Protection Act claim sounds in tort). Those fraud claims were dismissed pursuant to Rule 12. Docket No. 84.

Though C.R.S. § 13-17-201 is a state statute and this case is pending in federal court, courts have consistently held that C.R.S. § 13-17-201 is applicable in cases pending in federal court, even those involving federal statutes, unless directly preempted. *Jones v. Denver Post Corp.*, 203 F.3d 748 (10th Cir. 2010) (holding C.R.S. §13-17-201 is substantive Colorado law, and will be applied by a federal court sitting in Colorado); *Advanced Career Techs.*, 100 F. Supp.3d at 1108 (*citing Shrader v. Beann*, 503 Fed.Appx. 650, 655 (10th Cir. 2012)). The court's analysis in *Advanced Career Technologies* is illustrative for the present lawsuit because that case also involved alleged violations of a federal statute, the Lanham Act. *Id.* In *Advanced Care Technologies*, the court rejected plaintiff's argument that C.R.S. § 13-17-201 did not apply to the dismissal of their federal law claims and concluded that the Lanham Act's attorneys' fee provisions did not preempt Colorado's more expansive attorneys' fee shifting provisions under C.R.S. § 13-17-201. *Id.* at 1108-1109. The court noted there were multiple conflicts between the Lanham Act's attorneys' fees provision which allowed only permissive fee awards compared to the more favorable mandatory awards under C.R.S. § 13-17-201. *Id.* "Section 13-17-201 applies to all tort actions and therefore alters the Lanham Act by providing a more generous remedial provision upon a Rule 12(b) dismissal," and therefore is not preempted *Id.* at 1109. There is no indication that the Exchange Act, which has even more restrictive attorney-fee

provisions than the Lanham Act, *see* 15 U.S.C. § 78u-4(c), preempts the application of C.R.S. § 13-17-201 in the present case.  Accordingly, Court must apply C.R.S. § 13-17-201 and award Defendants their reasonable attorneys' fees incurred in defending this case.

Per D.C.COLO.LCivR 54.3, Defendants have submitted a declaration containing the summary of relevant qualifications and experience of its attorneys for whom fees are sought, and a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed.  The fees sought are limited to those in this matter, which has been pending since April, 2016.  They total $42,204, for all work done on this case.  Declaration of Matthew Spohn.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court award them their attorneys' fees pursuant to C.R.S. § 13-17-201, Fed. R. Civ. P. 54, and D.C.COLO.LCivR 54.3 in the amount of $42,204.

Respectfully submitted this the 4th day of October, 2017.

NORTON ROSE FULBRIGHT US LLP

**s/ Matthew D. Spohn**
William Leone - #11403
Matthew D. Spohn - #39639
NORTON ROSE FULBRIGHT US LLP
1200 17th Street, Suite 1000
Denver, CO  80202-5835
Email:  william.leone@nortonrosefulbright.com
Email:  matthew.spohn@nortonrosefulbright.com

*Attorneys for Defendants Flaherty, Kneen, Vertuca and PdC, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October, 2017, a true and correct copy of the foregoing **DEFENDANTS' MOTION FOR AWARD OF ATTORNEYS' FEES** was served via the Court's electronic filing system, CM/ECF, to the following:

Amber J. Munck
Harriet McConnell
GREENBERG TRAURIG, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202
E-Mail:  muncka@gtlaw.com
        mcconnellh@gtlaw.com

*Attorneys for Plaintiffs*


Darrell M. Daley
WILLIAMS & DALEY
1426 Pearl Street, Suite 207
Boulder, Colorado 80302
E-mail:  darrell@williamsdaley.com

*Attorneys for Michael Roberts*


                              **/s/ Luke Osborn**
                              Luke Osborn